UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH GLEN BLUE,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK GLEBE,<br><br>        Respondent. | CASE NO. C14-1463 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Petitioner Joseph Glen Blue's Objections, (Dkt. No. 21), to the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 20.) Having reviewed the Report and Recommendation, Petitioner's Objections, and all related papers, the Court ADOPTS the Report and Recommendation. Petitioner's habeas petition is DENIED as untimely and this case is DISMISSED with prejudice.

**Background**

Petitioner Joseph Glen Blue seeks Section 2254 habeas relief from his 2008 Washington State conviction of rape in the first degree. (Dkt. Nos. 3, 10.) The Report and Recommendation

1  ("R&R") summarizes the relevant facts and the procedural history of Mr. Blue's criminal case.
2  (Dkt. No. 20 at 2–6.)  The Court does not repeat them here.

3  In the R&R, Judge Donohue recommended this Court dismiss Mr. Blue's habeas petition
4  and deny the issuance of a certificate of appealability on that grounds that the habeas petition is
5  untimely.  (Id. at 10.)  Mr. Blue filed objections to the R&R.  (Dkt. No. 21.)  In the objections,
6  Mr. Blue argues Judge Donohue failed to consider his argument that his habeas petition is timely
7  pursuant to the "actual innocence" exception to the Antiterrorism and Effective Death Penalty
8  Act's ("AEDPA") statute of limitations.  (Id. at 1.)  Specifically, he contends there was
9  insufficient evidence of injury presented at trial to support his conviction.  (Id. at 3.)

10 **A. Legal Standard**

11 Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any
12 part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or
13 modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

14 **B. Mr. Blue's Objection to the R&R**

15 The Supreme Court has held that the "actual innocence" exception applies to AEDPA's
16 statute of limitations.  See McQuiggin v. Perkins, —U.S.—, 133 S.Ct. 1924 (2013).  "[A]
17 credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations
18 period, and a petitioner who makes such a showing may pass through the Schlup gateway and
19 have his otherwise time-barred claims heard on the merits."  Lee v. Lampert, 653 F.3d 929, 932
20 (9th Cir. 2011).  Under Schlup v. Delo, 513 U.S. 298, 314–15 (1995), a petitioner must produce
21 sufficient proof of his actual innocence to bring him "within the narrow class of cases . . .
22 implicating a fundamental miscarriage of justice."  (quotations omitted).  A petitioner must
23 "show that it is more likely than not that no reasonable juror would have convicted him in light
24 of the new evidence."  Id. at 327.  Actual innocence in this context "means factual innocence, not

mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623–24 (1998). A petitioner must support his claim of actual innocence "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

Mr. Blue fails to meet this burden because he provides no new evidence of his factual innocence. Instead, he argues that "evidence of any injury accrued by the victim [at his trial] did not amount to any injury even requiring a follow up doctor's care, nor was there any injuries of sexual battery, only injuries consistent with a physical altercation between the Petitioner and the victim were shown." (Dkt. No. 21 at 3.) But this legal argument, absent any new evidence, is insufficient to satisfy Schlup's exacting "actual innocence" standard. Lee, 653 F.3d at 937–38; see also Jaramillo v. Stewart, 340 F.3d 877, 882 (9th Cir. 2003). Accordingly, Mr. Blue's objection to the R&R fails to show any error in the R&R.

**Conclusion**

The Court ADOPTS the Report and Recommendation. Petitioner's habeas petition is DENIED as untimely and this case is DISMISSED with prejudice. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to the Court's determination that petitioner's habeas petition is time-barred.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 8th day of June, 2015.

Marsha J. Pechman
United States District Judge